**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| ISMAEL CLAY, on behalf of himself and all others similarly situated, Plaintiff, | § § § § | |
| VS. | § | CIVIL ACTION NO. SA14CV0923FB |
| FLOUNDERDAWG, LLC Defendant. | § § § | |

**DEFENDANT FLOUNDERDAWG, LLC'S**
**ORIGINAL ANSWER**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant, FlounderDawg, LLC (hereinafter "FLOUNDERDAWG"), by and through its counsel to files this Original Answer to Plaintiff's Original Complaint, and in support show as follows:

## SUMMARY

1. FLOUNDERDAWG denies the statements made in paragraph 1, and demands strict proof thereof at trial. FLOUNDERDAWG denies any liability in this cause.

2. FLOUNDERDAWG denies the statements made in paragraph 2, and demands strict proof thereof at trial.

3. FLOUNDERDAWG denies the statements made in paragraph 3, and demands strict proof thereof at trial.

## JURISDICTION AND VENUE

FLOUNDERDAWG hereby reiterates and incorporates herein by reference each and every response to the allegations contained in the preceding paragraphs as if fully set forth herein.

4. FLOUNDERDAWG admits that this Court has jurisdiction over the subject matter.

5. FLOUNDERDAWG admits that venue is proper in the Western District of Texas.

**THE PARTIES**

FLOUNDERDAWG hereby reiterates and incorporates herein by reference each and every response to the allegations contained in the preceding paragraphs as if fully set forth herein.

6. FLOUNDERDAWG is without sufficient information to admit or deny the statements made in paragraph 6.

7. FLOUNDERDAWG denies the statements made in paragraph 7, and demands strict proof thereof at trial; Defendant further denies that a Class action is appropriate.

8. FLOUNDERDAWG admits the statements made in paragraph 8.

**COVERAGE**

FLOUNDERDAWG hereby reiterates and incorporates herein by reference each and every response to the allegations contained in the preceding paragraphs as if fully set forth herein.

9. FLOUNDERDAWG denies the allegations set forth in paragraph 9. Defendant asserts it is not an enterprise that is engaged in commerce or in the production of goods for commerce.

10. FLOUNDERDAWG denies the allegations set forth in paragraph 10.

11. FLOUNDERDAWG denies the allegations set forth in paragraph 11.

12. FLOUNDERDAWG denies the allegations set forth in paragraph 12, and demands strict proof thereof at trial.

## FACTUAL ALLEGATIONS

FLOUNDERDAWG hereby reiterates and incorporates herein by reference each and every response to the allegations contained in the preceding paragraphs as if fully set forth herein.

13. FLOUNDERDAWG admits the allegations set forth in paragraph 13.

14. FLOUNDERDAWG denies the allegations set forth in paragraph 14. Defendant further denies that a collective action under the FLSA is appropriate.

15. FLOUNDERDAWG denies the allegations set forth in paragraph 15. Defendant further denies that a collective action under the FLSA is appropriate.

16. FLOUNDERDAWG denies the allegations set forth in paragraph 16. Defendant further denies that a collective action under the FLSA is appropriate.

## CLASS ALLEGATIONS

FLOUNDERDAWG hereby reiterates and incorporates herein by reference each and every response to the allegations contained in the preceding paragraphs as if fully set forth herein.

17. FLOUNDERDAWG denies the allegations set forth in paragraph 17, and demands strict proof thereof at trial. Defendant further denies that a collective action under the FLSA is appropriate.

18. FLOUNDERDAWG denies the allegations set forth in paragraph 18, and demands strict proof thereof at trial. Defendant further denies that a collective action under the FLSA is appropriate.

19. FLOUNDERDAWG denies the allegations set forth in paragraph 19. Defendant further denies that a collective action under the FLSA is appropriate.

20. FLOUNDERDAWG denies the allegations set forth in paragraph 20, and demands strict proof thereof at trial. Defendant further denies that a collective action under the FLSA is appropriate.

21. FLOUNDERDAWG denies the allegations set forth in paragraph 21, and demands strict proof thereof at trial. Defendant further denies that a collective action under the FLSA is appropriate.

22. FLOUNDERDAWG denies the allegations set forth in paragraph 22, and demands strict proof thereof at trial. Defendant further denies that a collective action under the FLSA is appropriate.

23. FLOUNDERDAWG denies the allegations set forth in paragraph 23.

24. FLOUNDERDAWG denies the allegations set forth in paragraph 24. Defendant further denies that a collective action under the FLSA is appropriate.

25. FLOUNDERDAWG denies the allegations set forth in paragraph 25, and demands strict proof thereof at trial. Defendant further denies that a collective action under the FLSA is appropriate.

26. FLOUNDERDAWG denies the allegations set forth in paragraph 26, and demands strict proof thereof at trial. Defendant further denies that a collective action under the FLSA is appropriate.

## CAUSES OF ACTION

27. FLOUNDERDAWG hereby reiterates and incorporates herein by reference each and every response to the allegations contained in the preceding paragraphs as if fully set forth herein in response to Paragraph 27.

28. FLOUNDERDAWG denies the allegations set forth in paragraph 28. Defendant further denies that a collective action under the FLSA is appropriate.

29. FLOUNDERDAWG denies the allegations set forth in paragraph 29. Defendant further denies that a collective action under the FLSA is appropriate.

30. FLOUNDERDAWG denies the allegations set forth in paragraph 30, and demands strict proof thereof at trial. Defendant further denies that a collective action under the FLSA is appropriate.

31. FLOUNDERDAWG denies the allegations set forth in paragraph 31, and demands strict proof thereof at trial. Defendant further denies that a collective action under the FLSA is appropriate.

32. FLOUNDERDAWG denies the allegations set forth in paragraph 32, and demands strict proof thereof at trial. Defendant further denies that a collective action under the FLSA is appropriate.

33. FLOUNDERDAWG denies the allegations set forth in paragraph 33, and demands strict proof thereof at trial. Defendant further denies that a collective action under the FLSA is appropriate.

34. FLOUNDERDAWG denies the allegations set forth in paragraph 34, and demands strict proof thereof at trial. Defendant further denies that a collective action under the FLSA is appropriate.

**JURY DEMAND**

FLOUNDERDAWG hereby reiterates and incorporates herein by reference each and every response to the allegations contained in the preceding paragraphs as if fully set forth herein.

35. FLOUNDERDAWG is not required to admit or deny Plaintiff's request for a trial by jury, however, FLOUNDERDAWG denies that Plaintiff is entitled to a jury on issues that are determined as a matter of law.

36. FLOUNDERDAWG denies Plaintiff is entitled to judgment and denies Plaintiff is entitled to any of the relief requested in Plaintiff's Prayer.

## FURTHER ANSWER AND/OR AFFIRMATIVE DEFENSES

Defendant provides the following as further answer and, alternatively, affirmative defenses to the extent Defendant is charged with the burden of proof:

1. Plaintiff's claims are barred because all acts or omissions, if any by Defendant, were made in good faith and with reasonable grounds to believe that the acts or omissions were not a violation of the FLSA.

2. Plaintiff's claims are barred to the extent Plaintiff's causes of action accrued outside the two year statute of limitations. 29 U.S.C. § 255(a). Alternatively and without waiving Defendant's assertion that Plaintiff cannot show that Defendant committed any alleged unlawful act willfully, Plaintiff's claims are barred to the extent Plaintiff's causes of action accrued outside the three year statute of limitations. 29 U.S.C. § 255(a).

3. Plaintiff may not recover under the FLSA to the extent that Plaintiff was employed in a position that meets an exemption from the overtime requirements of the FLSA.

4. Plaintiff was not employed within the meaning of the Fair Labor Standards Act. Defendant is not an enterprise engaged in commerce or in the production of goods for commerce.

## PRAYER

FLOUNDERDAWG denies each and every allegation or prayer for relief not specifically addressed above. FLOUNDERDAWG denies respectfully prays that Plaintiff take nothing by

his cause of action, that Defendant FLOUNDERDAWG recover its costs incurred, and for such other and further relief, both at law and in equity, to which Defendant FLOUNDERDAWG may show itself justly entitled.

Respectfully submitted,

HOLLAND & HOLLAND, LLC
North Frost Center
1250 N.E. Loop 410, Suite 808
San Antonio, Texas 78209
Telephone: (210) 824-8282
Facsimile: (210) 824-8585

BY ______
Inez M. McBride
State Bar No. 13331700
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing was served in accordance with the Federal Rules of Civil Procedure on this the 10 day of November, 2014, to the following counsel of record:

Mr. Charles Riley
Riley & Riley
320 Lexington Avenue
San Antonio, Texas 78215

______
Inez M. McBride