UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ISMAEL CLAY, Individually and on Behalf of All Others Similarly Situated, | § § § | |
| Plaintiffs, | § § | |
| v. | § | SA-14-CA-923-FB (HJB) |
| | § | |
| FLOUNDERDAWG, LLC, | § § | |
| Defendant. | § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable Chief United States District Judge Fred Biery:**

This report and recommendation concerns: (1) Plaintiff's Motion for Conditional Certification and Notice to Potential Class Members (Docket Entry 9); (2) Defendants's Motion to Strike and Objections to Plaintiff's Supporting Evidence, Requested Discovery, Notice and Consent to Join Relating to Motion for Conditional Certification (Docket Entry 17); and (3) Plaintiff's Opposed Motion for Leave to File First Amended Complaint (Docket Entry 20). Dispositive pretrial matters have been referred to the undersigned for recommendation pursuant to Western District of Texas Local Rule CV-72 and Appendix C. (*See* Docket Entry 30.) For the reasons set out below, I recommend that Plaintiff's Motions (Docket Entries 9 and 20) be **GRANTED**, and Defendant's Motion (Docket Entry 17) be **DENIED**.

**I.    Jurisdiction.**

Plaintiff's suit alleges violations of the Fair Labor Standards Act ("FLSA"). This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. I have authority to issue this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

## II. Background.

This a putative collective action suit to recover unpaid overtime compensation under FLSA, 29 U.S.C. § 201, *et seq.* (Docket Entry 1, at 3.) Plaintiff and potential class members are current and former employees of Defendant, Flounderdawg, LLC ("Flounderdawg"), which provides catering services to oil and gas producers and other businesses and individuals in south and central Texas. (*Id.*) Plaintiff was employed at Flounderdawg as a food preparer and server. (*Id.*) He alleges that Flounderdawg failed to pay him and other potential class members overtime wages in accordance with FLSA. (*Id.*)

Plaintiff filed this suit against Flounderdawg on October 20, 2014. (Docket Entry 1.) Since the filing of the case, at least two other individuals have filed notice of their consent to join in the case as a collective action. (Docket Entry 26-5.) Plaintiff has filed a motion to amend his complaint to add another individual as a named plaintiff to this action, and he also moves for conditional certification and for court-authorized notice to additional class members. (Docket Entries 9, 20.) Flounderdawg opposes the amendment to the complaint, as well as the motion for conditional certification. (Docket Entries 25, 16.) It also objects to Plaintiff's evidence supporting his motion for conditional certification and moves to strike portions of that evidence. (Docket Entry 17.)

## III. Motion for Conditional Certification.

Plaintiff moves to certify a class of potential collection action plaintiffs comprised of persons employed at Flounderdawg as food preparers and servers for the three years prior to October 15, 2014. (Docket Entry 9, at 6.) He requests that written notice of the action be sent to

2

potential class members. (*Id.*) To that end, Plaintiff requests that Flounderdawg provide him with contact information for potential members. (*Id.* at 7.)

A. *Certification.*

FLSA permits employees to bring an action against their employers for violation of its wage and hour provisions. 29 U.S.C. § 216. Section 216(b) permits an employee to bring an action against his employer on "behalf of [him] . . . and other employees similarly situated." *Id.* § 216(b). This type of collective action follows an "opt-in" procedure, under which "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." *Id.*

Courts have discretion to allow a party asserting FLSA claims on behalf of others to notify potential plaintiffs that they may choose to "opt-in" to the suit. *See Hoffmann-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989). Although the Fifth Circuit has not adopted a specific standard to be used in determining the propriety of class certification under the FLSA, it has recognized the two-stage approach used by many courts. *See Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213–14 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003). This two-stage approach involves a "notice" stage and a "decertification" stage, and different evidentiary thresholds apply at each stage. *Mooney*, 54 F.3d at 1213–14.

At the "notice" stage, a plaintiff files a motion to provide notice of the lawsuit to potential class members. *Mooney*, 54 F.3d at 1213–14. The evidentiary standard at this stage is lenient, requiring "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Id.* at 1214 n.8. Nevertheless, a court considering issuing notice to potential class members should be mindful of the "responsibility to avoid the

3

'stirring up' of litigation through unwarranted solicitation." *Severtson v. Phillips Beverage Co.*, 137 F.R.D. 264, 266–67 (D. Minn. 1991).

If the motion to authorize notice is granted, the district court will conditionally certify the class so that putative class members are provided an opportunity to "opt-in" to the lawsuit. *Mooney*, 54 F.3d at 1214. The action then proceeds as a representative action throughout discovery. *Id.* Once discovery is complete, the case proceeds to the second stage of litigation, in which the court may revisit the issue of certification, if the defendant files a motion to decertify the class. *Id.*

In order to demonstrate that conditional certification and notice to potential plaintiffs is proper, "a plaintiff must make a minimal showing that (1) there is a reasonable basis for crediting the assertions that aggrieved individuals exist, (2) . . . those aggrieved individuals are similarly situated to the plaintiff in relevant respect given the claims and defenses asserted, and (3) . . . those individuals want to opt in to the lawsuit." *Prater v. Commerce Equities Mgmt. Co., Inc.*, No. H-07-2349, 2007 WL 4146714, at *4 (S.D. Tex. Nov. 19, 2007) (citing *Haynes v. Singer Co., Inc.*, 696 F.2d 884, 887 (11th Cir. 1983)).

To determine whether the requisite showing has been made, courts look at the similarity of job requirements and pay provisions for the potential plaintiffs, and at whether they appear to be victims of a common policy or plan. *See Roebuck v. Hudson Valley Farms, Inc.*, 239 F. Supp. 2d 234, 238 (N.D.N.Y. 2002); *Butler v. City of San Antonio*, 2003 WL 22097250, at *1 (W.D. Tex. Aug. 21, 2003). Job requirements need be similar, but not identical. *Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 824–25 (N.D. Tex. 2007). Substantial overlap is sufficient. *See id.*

Plaintiff contends that the pleadings and declarations he has submitted demonstrate that a class of similarly situated potential plaintiffs exists, and thus that conditional certification and notice

is proper. (Docket Entry 9, at 5.) In response, Flounderdawg makes three primary arguments: (1) Plaintiff has not shown he is similarly situated to members of the potential class, nor has he shown that there is a central decision, policy, or plan which violated FLSA (Docket Entry 16, at 6); (2) all potential class members were independent contractors, and even if some were not, the determination whether they were independent contractors is so highly individualized as to make conditional certification inappropriate (*Id.* at 4); and (3) Plaintiff has failed to establish there are sufficient individuals who want to opt-in to the suit (*Id.* at 8). I address each of these arguments below.

      1.     Despite Flounderdawg's arguments to the contrary, Plaintiff has met his lenient burden of providing sufficient evidence that he is similarly situated to the intended notice recipients. Plaintiff has set forth substantial allegations in his complaint, and has submitted sufficient evidence in supporting declarations, to suggest that the potential plaintiffs are similarly situated with respect to their job duties. (Docket Entry 9, at 12, 16, 19; Docket Entry 26-1, at 4–5; Docket Entry 26-2, at 4–5; Docket Entry 26-3, at 3–4; Docket Entry 26-4, at 3–4.) Plaintiff described his primary job duties as involving "preparing and serving food to oil workers and other businesses and individuals via mobile food trailers." (Docket Entry 9, at 10.) His job included "cooking food at the main location of Flounderdawg [in Stockdale, Texas], loading food onto food service trailers, driving to oil field sites, preparing and serving food to the workers at those sites, returning to the main location of Flounderdawg, and cleaning and preparing the trailer and cooking implements for use the next day." (*Id.* at 10–11.) The declarations of other putative class members generally state similar duties and responsibilities. (*See* Docket Entry 9, at 14–15, 18; Docket Entry 26-3; Docket Entry 26-4; Docket Entry 26-3; Docket Entry 26-4.) Additionally, the declarations submitted show that potential

class members were all payed in a similar manner, thus showing them to be subject to a common pay policy. (*See id.*) Even if there ultimately proves to be some minor distinctions among the potential class, at this stage Plaintiff has made a sufficient showing of similarity to allow for conditional certification and notice.

2. Flounderdawg argues that, prior to any certification, the Court must determine whether there is proof that the potential class members are employees rather than independent contractors. (Docket Entry 16, at 5.) And it suggests that the individualized inquiries would "eliminate the economy of scale envisioned by the FLSA collection action procedure." (*Id.*) Plaintiff responds that any inquiry into whether potential class members were in fact independent contractors can be managed on a class-wide basis, because there were, at most, twenty-five or thirty-five food preparers/servers working for Flounderdawg during the relevant time period. (Docket Entry 26, at 4.) Therefore, according to Plaintiff, the inquiry would not be unduly burdensome. (*Id.*)

Many courts have allowed conditional certification in FLSA cases despite disputes as to whether workers were properly classified as independent contractors. *See, e.g., Ruffin v. Entm't of the E. Panhandle*, No. 3:11-CV-19, 2012 WL 761659, at *5 (N.D. W.Va. Mar. 7, 2012); *Lang v. DirecTV, Inc.*, No. 10-1085 "G"(1), 2011 WL 6934607 (E.D. La. Dec. 30, 2011). Some courts have conducted the independent-contractor-versus-employee analysis, using the "economic realities" test, in determining whether to issue conditional FLSA certification. *See, e.g., id.*; *Scott v. Bimbo Bakeries, USA, Inc.*, No. 10-3154, 2012 WL 645905, at *7 (E.D. Pa. Feb. 29, 2012). Others, however, have refused to engage in this analysis at the preliminary stage of FLSA certification. *See, e.g., Scovil v. FedEx Ground Package Sys., Inc.*, 811 F. Supp. 2d 516, 518–19 (D. Me. 2011); *Putnam v. Galaxy 1 Mktg., Inc.*, 276 F.R.D. 264, 274 (S.D. Iowa 2011). In light of the relatively

small number of potential class members that could be involved, I do not believe that the independent contractor issue need be resolved before a class is conditionally certified in this case.

Even if the issue were to be considered at this time, Plaintiff has presented sufficient evidence that the potential class members are employees of Flounderdawg to allow for certification at this preliminary stage. To determine whether a worker is an employee or an independent contractor, "courts in this Circuit 'generally use as a guide five, non-exclusive factors: (a) the permanency of the relationship; (b) the degree of control exercised by the alleged employer; (c) the skill and initiative required to perform the job; (d) the extent of the relative investments of the worker and the alleged employer; and (e) the degree to which the worker's opportunity for profit and loss is determined by the alleged employer.'" *Andel v. Patterson-UTI Drilling Co.*, LLC, 280 F.R.D. 287, 290 (S.D. Tex. 2012) (quoting *Thibault v. Bellsouth Telecomm., Inc.*, 612 F.3d 843, 846 (5th Cir. 2010)). Here, Plaintiff has submitted declarations that show that the food preparers/servers of Flounderdawg did not independently control the way that they went about their work; that they were told when to work and directed where to go; provided none of their own equipment "other than an occasional knife or pair of boots"; that they used trailers, trucks, and other equipment and supplies owned by Flounderdawg; that their expenses were paid by Flounderdawg; and that they were paid either a weekly wage or a per meal wage regardless of the profit or loss generated by a certain job. (Docket Entry 26-1, at 2–3; Docket Entry 26-2, at 2–3.) This showing provides sufficient proof for the potential plaintiffs to be conditionally viewed as Flounderdawg's employees.

3.      Although Plaintiff did not identify or submit declarations from all the other potential plaintiffs, each declaration he did submit indicates that there are other employees, including some mentioned by name, who would like to join the lawsuit if given the chance. (Docket Entry 9, at 13,

16; Docket Entry 26-2; Docket Entry 26-3; Docket Entry 26-4.) Additionally, since the lawsuit was filed, at least two potential class members have consented to join the suit, and another one has requested to be joined as a named plaintiff. (*See* Docket Entry 26-5; Docket Entry 20.) At this early stage, such evidence is sufficiently probative of potential class members' desire to join the litigation to support conditional certification.

For all these reasons, the Court should conclude that Plaintiff has met the lenient notice-stage standard for conditional certification. If, at a later date, it becomes apparent that Plaintiff's and any other class members' overtime claims should be pursued on an individual basis, Flounderdawg may move to decertify the class.

    **B.**    *Notice.*

Once a court decides that class certification is appropriate, it is within its sound discretion to issue and monitor notice. *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 171 (1989). Granting certification and issuing notice will have "the advantage of informing the original parties and the court of the number and identity of persons desiring to participate in this suit. With that information, analysis may be performed on the viability of the class and its representatives." *Villatoro v. Kim Son Rest.*, 286 F. Supp. 2d 807, 810 (S.D. Tex. 2003).

Plaintiff has proposed a form notice to class members for approval. (Docket Entry 9, at 20.) Flounderdawg objects to the notice, contending that the group of recipients covered by the proposed notice is overbroad. (Docket Entry 16, at 9.) It contends that the proposed notice should be limited only to sous chefs working in the Stockdale/Pearsall area who performed food cooking and serving duties in culinary trailers from August 1, 2013, the date that Flounderdawg asserts that if began its business, to July 1, 2014, the date that it alleges it began paying employees' overtime. (*Id.*)

Plaintiff responds that, rather than merely notice to sous chefs, notice is appropriate to its requested class of "all persons employed by Defendant as food preparers and servers," because the punitive class it is based on a factual description of the duties of each employee, as opposed to the "sometimes interchangeable terms evidently used for such employees (i.e. lead chef, sous chef, apprentice)." (Docket Entry 26, at 5.) I agree with Plaintiff that the class should not be limited to the title "sous chef." As noted above, job duties need not be identical, but only similar, and there is evidence to suggest that some job titles were used interchangeably. (*See, e.g.*, Docket Entry 26-2, at 3–4.) Similarly, there is declaration evidence to support notification of employees working elsewhere than the Pearsall/Stockdale area. (*See* Docket Entry 9, at 18.)

As for the beginning and end dates of employment for potential class members, although Flounderdawg alleges that it did not begin operations until 2013, Plaintiff argues that this assertion has not been verified. (Docket Entry 26, at 5–6.) And he argues that Flounderdawg's contention that it began paying overtime in July 2014 goes to the merits of his claim and is inappropriate to decide at this time.

Plaintiff has the better argument with regard to the appropriate beginning and end dates for the potential class. Even assuming that Flounderdawg did not begin operations until 2013, it suffers no prejudice by setting an earlier beginning date. And the determination of when it began paying employees' overtime is a factual, merits-based determination and should not be decided at this time. Accordingly, the notice should reach back three years from the opt-in date for the putative class members.

As for any other issues regarding the notice, should the Court adopt this recommendation on conditional certification, it should further order that the parties confer on the other specifics of the

notice—including the form and contents of the notice, the delivery method, and the manner of consent—and report any further disputes to the undersigned for resolution.

### C. *Contact Information.*

Plaintiff also requests that Flounderdawg provide him with a list of contact information, including the names, addresses, telephone numbers, and the first four digits of the social security numbers for each of the putative class members. (Docket Entry 9, at 7.) Courts routinely grant discovery of identity and contact information for putative plaintiffs once conditional certification has been granted. *See Sperling*, 493 U.S. at 170; *Clarke v. Convergys Customer Mgmt. Grp., Inc.*, 370 F. Supp. 2d 601, 607 (S.D. Tex. 2005); *Jones v. JGC Dallas LLC*, No. 3:11-CV-2743-0, 2012 WL 6928101, at *5 (N.D. Tex. Nov. 29, 2012).

At this time, the Court need only order that Flounderdawg provide the names and last known addresses of potential class members for the three years proceeding the filing of this suit. If that information proves insufficient, Plaintiff may seek additional information from Flounderdawg, including any other identification information necessary to locate potential class members.

### IV. Motion to Strike.

In a separate motion, Flounderdawg objects to the evidence used in support of Plaintiff's motion for conditional certification, and it moves to strike any objectionable evidence from the Court's consideration. (Docket Entry 17.) Flounderdawg contends that the declarations from Flounderdawg employees provided by Plaintiff are not based on personal knowledge and are speculative. (*Id.*) Additionally, Flounderdawg argues that portions of Plaintiff's evidence are conclusory and based on hearsay. (*Id.*)

These objections are without merit. Regarding FLSA, courts have held that "plaintiffs need not come forward with evidence in a form admissible at trial" at the conditional certification stage of proceedings, as long as the evidence is "at a minimum" based on personal knowledge. *Howard v. Securitas Security Servs., USA, Inc.*, No. 08 C 2746, 2009 WL 140126, at *3 (N.D. Ill. Jan. 20, 2009). Here, the declarations attached to Plaintiff's motion to certify demonstrate that the declarants' assertions are based primarily on their personal knowledge, and much of the information presented is not hearsay. The declarations state that the individuals worked at Flounderdawg for stated hours and time periods and that they have sufficient knowledge of Flounderdawg's employment practices to support their claims. (Docket Entry 9, at 12, 16, 19; Docket Entry 26-1, at 4–5; Docket Entry 26-2, at 4–5; Docket Entry 26-3, at 3–4; Docket Entry 26-4, at 3–4.) And the declarations specifically assert that "[t]he facts contained in this declaration are within my personal knowledge and are true and correct." (*See, e.g.*, Docket Entry 9, at 10.) Even if some of the information presented would not be admissible at trial in its current form, there is no reason to strike evidence at this time.

It is true that some of the declarations recite essentially the same information as the others. However, "plaintiffs need not compose affidavits in their own words." *Lang v. DirecTV, Inc.*, No. 10-1085 "G"(1), 2011 WL 6934607, at *10 (E.D. La. Dec. 30, 2011). All that is needed is that the potential plaintiffs "have personal knowledge of their own hours and compensation schemes, and they attest to having knowledge of the general compensation scheme utilized by their employer, thus meeting the personal knowledge requirement." *Id.*

Because Plaintiff's declarations have met the "minimal showing" required for conditional certification, Flounderdawg's motion to strike (Docket Entry 17) should be denied.

V.  **Motion to Amend.**

Plaintiff also moves to amend his complaint to add an additional party plaintiff, Joshua Kennedy, to the case. (Docket Entry 20.) Flounderdawg opposes the amendment, arguing that Plaintiff has not asserted that he seeks to add Kennedy as a plaintiff under either Federal Rules of Civil Procedure 19 or 20. (Docket Entry 25.)

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend pleadings "shall be freely given when justice so requires." FED. R. CIV. P. 15(a). The policy of the Federal Rules of Civil Procedure is liberal in favor of permitting amendment of pleadings, and Rule 15(a) favors the granting of leave to amend. Unless there is a substantial reason to deny leave to amend, the discretion of the court is not broad enough to permit denial. *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000). Relevant factors to consider in deciding whether to permit amendment include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).

I find no substantial reason to deny leave to amend, considering that: (1) Plaintiff's motion was timely filed before the deadline to amend pleadings and add parties (*see* Docket Entry 15); (2) I have already recommended that Plaintiff's case be conditionally certified; and (3) Kennedy has submitted a declaration stating the similarities in his job duties to that of Plaintiff's job duties (*see* Docket Entry 9, at 18). For these reasons, although Kennedy may not be a required party under Rule 19, he is certainly a permissive one under Rule 20. *Cf. Allen v. Atlantic Richfield Co.*, 724 F.2d

1131, 1135 (5th Cir. 1984).[1] Accordingly, Plaintiff's Opposed Motion for Leave to File First Amended Complaint (Docket Entry 20) should be granted.

## VI. Conclusion and Recommendation.

Based on the foregoing, I recommend that Plaintiff's Motion for Conditional Certification and Notice to Potential Class Members (Docket Entry 9) be **GRANTED**. If the District Court adopts my recommendation granting conditional certification, then I further recommend that the Court order that the parties confer on the specifics of the notice, including the form and contents of the notice, the delivery method, and the manner of consent. At or before this conference, Flounderdawg should be required to provide Plaintiff(s) with the potential class members' contact information, as discussed above, that is in Flounderdawg's possession. The parties should then be ordered to submit either a joint proposed notice, or competing options for notice, to the undersigned for further report and recommendation. Furthermore, I recommend that Defendants's Motion to Strike and Objections to Plaintiff's Supporting Evidence, Requested Discovery, Notice and Consent to Join Relating to Motion for Conditional Certification (Docket Entry 17) be **DENIED**, and Plaintiff's Opposed Motion for Leave to File First Amended Complaint (Docket Entry 20) be **GRANTED**.

## VII. Instructions For Service And Notice of Right to Object/Appeal.

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return

---

[1] Of course, even if not named as a representative plaintiff, Kennedy could potentially be a member of the class in this case. *See id.* But that is not a reason to deny his request to join the case in the amended complaint.

13

receipt requested. Written objections to this report and recommendation must be filed **within fourteen days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED** on March 24, 2015.

_____
Henry J. Bemporad
United States Magistrate Judge